■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDMUND ZILLINER, Appellant.— Order, entered on January 17, 1962, denying, without a hearing, application of defendant for a writ of error *coram nobis* to vacate a judgment rendered October 18, 1960, convicting appellant upon his plea of guilty to an indictment charging robbery in the first degree, unanimously reversed on the law and the facts, and the matter remanded for a hearing. The conviction upon such indictment was to cover the same as well as two other felony indictments. The robbery indictment pleaded to and one of the other indictments arose out of an incident involving the alleged assault and robbery of a correction officer connected with the Bronx City Prison while the defendant and two certain other inmates were attempting to escape from the prison. The defendant in his affidavit alleges that he was induced to plead guilty by reason of the alleged fraudulent threatening and coercive statements of the District Attorney that if he did not so plead, he would be brought to trial and convicted not only upon the robbery indictment but also upon the other indictments and that upon such conviction the defendant "would be sentenced to a maximum sentence of life imprisonment as a fourth (4) felony offender" [which in fact and law could not be]; that the fellow officers of the particular correction officer who "was pressing the charges would do every thing possible to bring about defendant's conviction"; and that the defendant then believed "that he could not receive a fair trial in that county due to the close relationship between the district attorney and the * * * correction officer" and believed that the District Attorney "would, at all cost, have him convicted on the two indictments and sentence him to life imprisonment". The Assistant District Attorney in his affidavit opposing the motion says that, "at the time of plea of guilty, there was a conference at the bench between him, a representative of the Legal Aid Society and the presiding judge, during which time it was agreed that if the inmate pleaded guilty to the crime of Robbery * * * the other two indictments pending against the said inmate * * * would be taken into consideration and dismissed." The Assistant District Attorney's affidavit, however, does not give the details of such conference and is silent as to what was said to defendant or his counsel. It may very well be that there is no basis for defendant's claims, but the affidavit of the Assistant District

Attorney, together with the transcript of the proceedings in court do not "conclusively demonstrate" the falsity of the defendant's allegations. Under the circumstances, he is entitled to a hearing. (*People* v. *Picciotti*, 4 N Y 2d 340; *People* v. *Debe*, 19 A D 2d 618; *People* v. *Earl*, 19 A D 2d 708.) Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.